David G. Hoiles, Jr. (SBN 185298)
hoilesd@jacksonlewis.com
Lindsay L. Ryan (SBN 258130)
lindsay.ryan@jacksonlewis.com
JACKSON LEWIS LLP
725 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5408
Telephone:  (213) 689-0404
Facsimile:  (213) 689-0430

Attorneys for Defendant
HALLIBURTON ENERGY SERVICES, INC.

# UNITED STATE DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCOS REYES; individually, and on behalf of other members of the general public similarly situated;<br><br>      Plaintiffs,<br><br>   v.<br><br>HALLIBURTON ENERGY SERVICES, INC., an unknown business entity; and DOES 1 through 1-100, inclusive;<br><br>      Defendants. | Case No.<br><br>**PUTATIVE CLASS ACTION**<br><br>**DECLARATION OF DAVID G. HOILES, JR. IN SUPPORT OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR EASTERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. SECTIONS  1332, 1441(a) AND (b) (DIVERSITY)** |

## DECLARATION OF DAVID G. HOILES, JR.

I, David G. Hoiles, Jr. declare:

1.    I am an attorney licensed to practice law before all courts of the State of California.  I am a Partner with the law firm of Jackson Lewis LLP, attorneys of record for Defendant Halliburton Energy Services, Inc. ("Defendant"), in the above-referenced case filed by Plaintiff Marcos Reyes ("Plaintiff").  I am one of the attorneys primarily responsible for the handling of this matter. I have personal knowledge as to the matters

set forth herein and, if called to testify in this matter, I could and would competently testify thereto.

2.      Attached as **Exhibit "A"** is a true and complete copy of Plaintiff's unverified Class Action Complaint for Damages captioned *Marcos Reyes, individually, and on behalf of other members of the general public similarly situated, v. Halliburton Energy Services, Inc., an unknown business entity; and Does 1 through 100, inclusive,* filed in the Superior Court of the State of California for the County of Kern, Case No.: S-1500-CV279665SPC ("Complaint").

3.      Attached as **Exhibit "B"** is a true and complete copy of the Summons and related case documents served on July 5, 2013 upon Defendant's registered agent for service on process, along with the Complaint.

4.      Attached as **Exhibit "C"** is a true and complete copy of Defendant's Answer filed on August 2, 2013 in the Superior Court of the State of California for the County of Kern.

I declare under penalty of the laws of the State of California and the United States that the foregoing is true and correct and that this declaration is executed this 5th day of August 2013, at Los Angeles, California.

DAVID G. HOILES, JR.

4850-0651-2661, v. 1

# EXHIBIT A

ENDORSED
FILED
KERN COUNTY

JUN 1 9 2013

TERRY McNALLY, CLERK
BY_____DEPUTY

1  LAWYERS for JUSTICE, PC
2  Edwin Aiwazian (Cal. SBN 232943)
   410 West Arden Avenue, Suite 203
3  Glendale, California 91203
4  Telephone  (818) 265-1020
   Facsimile   (818) 265-1021
5

6  LAW OFFICE OF DOUGLAS HAN
   Douglas Han, Esquire (Cal. SBN 232858)
7  410 West Arden Avenue, Suite 206
8  Glendale, California 91203
   Telephone  (818) 230-7502
9  Facsimile   (818) 230-7259

10 *Attorneys for* Plaintiff

11

CASE MANAGEMENT CONFERENCE:

Hearing Date: 12/16/13

Time: 8 0 0 Am

Department: 4
See CRC Rule 3.720 Et. Seq.

12      **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
13          **FOR THE COUNTY OF KERN**
14

15  MARCOS REYES; individually, and    S-1500-CV   279665   SPC
16  on behalf of other members of the
    general public similarly situated;
17
         Plaintiffs,            **CLASS ACTION**
18
    vs.                         **COMPLAINT FOR DAMAGES**
19
20  HALLIBURTON ENERGY          (1) Violation of California Labor Code
    SERVICES, INC., an unknown      §§ 510, 1194, and 1198
21  business entity; and Does 1 through (2) Violation of California Labor Code
    100, inclusive;                 §§ 226.7 and 512(a)
22                              (3) Violation of California Labor Code
         Defendants.               § 226.7
23                              (4) Violation of California Labor Code
                                   §§ 201, 202, and 203
24                              (5) Violation of California Labor Code
                                   § 226(a)
25                              (6) Violation of California Labor Code
                                   § 2802
26                              (7) Violation of California Business &
27                                 Professions Code §§ 17200 et seq.
28                              **DEMAND FOR JURY TRIAL**

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

EXHIBIT "A"

3

1    COMES NOW, Plaintiff Marcos Reyes, individually and on behalf of other

2 members of the general public similarly situated, and alleges as follows:

3                            **JURISDICTION AND VENUE**

4    1.    This class action is brought pursuant to California Code of Civil

5          Procedure section 382. The monetary damages and restitution sought by

6          Plaintiff exceed the minimal jurisdiction limits of the Superior Court and

7          will be established according to proof at trial. The total amount in

8          controversy for each class representative, including claims for

9          compensatory damages, premium pay, interest, and pro rata share of

10         attorneys' fees and penalties is less than $75,000. The total amount in

11         controversy as a result of this action including claims for compensatory

12         damages, interest, penalties, premium pay, and attorney's fees is less than

13         $5,000,000.

14   2.    This Court has jurisdiction over this action pursuant to the California

15         Constitution, Article VI, section 10, which grants the Superior Court

16         "original jurisdiction in all causes except those given by statute to other

17         courts." The statutes under which this action is brought do not specify

18         any other basis for jurisdiction.

19   3.    This Court has jurisdiction over all Defendants because, upon information

20         and belief, each party is either a citizen of California, has sufficient

21         minimum contacts in California, or otherwise intentionally avails itself of

22         the California market so as to render the exercise of jurisdiction over it by

23         the California courts consistent with traditional notions of fair play and

24         substantial justice.

25   4.    Venue is proper in this Court because, upon information and belief,

26         Defendants maintain offices, have agents, and/or transact business in the

27         State of California, County of Kern. The majority of the acts and

28         omissions alleged herein relating to Plaintiff took place in California. In

---

1

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1   addition, at all relevant times, Defendants employed Plaintiff in the

2   County of Kern.

3   **THE PARTIES**

4   5.   Plaintiff Marcos Reyes ("Plaintiff") is an individual residing in the

5        County of Kern, State of California.

6   6.   Defendant HALLIBURTON ENERGY SERVICES, INC.,

7        ("HALLIBURTON") transacts business throughout the State of

8        California, including the County of Kern.

9   7.   At all relevant times, HALLIBURTON was the "employer" of Plaintiff

10       and the other class members within the meaning of all applicable state

11       laws and statutes.

12  8.   At all times herein relevant, HALLIBURTON and Does 1 through 100,

13       and each of them, were the agents, partners, joint venturers,

14       representatives, servants, employees, successors-in-interest, co-

15       conspirators and assigns, each of the other, and at all times relevant hereto

16       were acting within the course and scope of their authority as such agents,

17       partners, joint venturers, representatives, servants, employees, successors,

18       co-conspirators and assigns, and that all acts or omissions alleged herein

19       were duly committed with the ratification, knowledge, permission,

20       encouragement, authorization and consent of each defendant designated

21       herein.

22  9.   The true names and capacities, whether corporate, associate, individual or

23       otherwise, of defendants Does 1 through 100, inclusive, are unknown to

24       Plaintiff who sues said defendants by such fictitious names.  Plaintiff is

25       informed and believes, and based on that information and belief alleges,

26       that each of the defendants designated as a Doe is legally responsible for

27       the events and happenings referred to in this complaint, and unlawfully

28       caused the injuries and damages to Plaintiff and the other class members

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

alleged in this complaint. Plaintiff will seek leave of court to amend this Complaint to show the true names and capacities when the same have been ascertained.

10. HALLIBURTON and Does 1 through 100 will hereinafter collectively be referred to as "Defendants."

## FACTUAL ALLEGATIONS

11. Defendants employed Plaintiff as an hourly paid or non-exempt employee from approximately April 2011 to approximately February 2013 in the State of California.

12. Defendants had the authority to hire and terminate Plaintiff and the other class members; to set work rules and conditions governing Plaintiff's and the other class members' employment; and, to supervise their daily employment activities.

13. Defendants directly hired and paid wages and benefits to Plaintiff and the other class members.

14. Plaintiff is informed and believes, and based thereon alleges, that at all times herein relevant, Defendants were advised by skilled lawyers and other professionals, employees, advisors, and consultants highly knowledgeable about California wage law, employment and personnel practices.

15. Plaintiff is informed and believes, and based thereon alleges, that at all times herein relevant, without any justification, Defendants ignored the employment and personnel policy changes proposed by skilled lawyers and other professionals, employees, advisors, and consultants highly knowledgeable about California wage laws, employment and personnel practice.

16. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class

3

members were entitled to receive certain wages for all time worked, minimum wage and overtime compensation and that they were not receiving wages for all hours worked, minimum wage and wages for overtime compensation.

17.   Plaintiff is informed and believes, and based thereon alleges, that Defendants engaged in a uniform policy and systematic scheme of wage abuse against their insurance agents.  This scheme involved, *inter alia*, failing to pay its employees for all time worked, including, failing to pay minimum wage, failing to pay overtime according to California Labor Laws and failing to reimburse its employees for all business expenses.

18.   Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all wages owed to them upon discharge or resignation.

19.   Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive complete and accurate wage statements in accordance with California law.

20.   Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that they had a duty to compensate Plaintiff and the other class members pursuant to California law, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so, and falsely represented to Plaintiff and the other class members that they were properly denied wages, all in order to increase Defendants' profits.

21.   At all material times set forth herein, Defendants failed to pay overtime wages to Plaintiff and the other class members.

22.   At all material times set forth herein, Defendants failed to pay wages for

4

1    all time worked to Plaintiff and the other class members.

2    23.    At all material times set forth herein, Defendants failed to pay minimum

3    wage to Plaintiff and the other class members.

4    24.    At all material times set forth herein, Defendants failed to provide

5    complete and accurate wage statements to Plaintiff and the other class

6    members.

7    25.    At all material times set forth herein, Defendants failed to pay Plaintiff

8    and the other class members all wages owed to them upon discharge or

9    resignation.

10   26.    At all material times set forth herein, Defendants failed to reimburse

11   Plaintiff and the other class members for all business expenses incurred.

12   **CLASS ACTION ALLEGATIONS**

13   27.    Plaintiff brings this action on his own behalf and on behalf of all other

14   members of the general public similarly situated, and thus, seeks class

15   certification under Code of Civil Procedure § 382.

16   28.    The proposed class is defined as follows:

17   All current and former California-based (currently residing in California

18   with the intent to reside in California indefinitely) hourly paid or non-

19   exempt oil-rig/oil-field on-site employees who worked for any of the

20   Defendants within the State of California at any time during the period of

21   four years preceding the filing of this Complaint to final judgment.

22   29.    Plaintiff reserves the right to establish subclasses as appropriate.

23   30.    The class is ascertainable and there is a well-defined community of

24   interest in the litigation:

25   a.    The class members are so numerous that joinder of all class

26   members is impracticable.  The membership of the entire class is

27   unknown to Plaintiff at this time; however, the class is estimated to

28   be more than (100) individuals and the identity of such membership

5

8

1    is readily ascertainable by inspection of Defendants' employment

2    records.

3    b.    Plaintiff's claims are typical of all other class members' as

4          demonstrated herein. Plaintiff will fairly and adequately protect

5          the interests of the other class members with whom he has a well-

6          defined community of interest.

7    c.    Plaintiff will fairly and adequately protect the interests of each

8          class member, with whom he has a well-defined community of

9          interest and typicality of claims, as demonstrated herein. Plaintiff

10         has no interest that is antagonistic to the other class members.

11         Plaintiff's attorneys, the proposed class counsel, are versed in the

12         rules governing class action discovery, certification, and

13         settlement. Plaintiff has incurred, and during the pendency of this

14         action will continue to incur, costs and attorneys' fees, that have

15         been, are, and will be necessarily expended for the prosecution of

16         this action for the substantial benefit of each class member.

17   d.    A class action is superior to other available methods for the fair and

18         efficient adjudication of this litigation because individual joinder of

19         all class members is impractical.

20   e.    Certification of this lawsuit as a class action will advance public

21         policy objectives. Employers of this great state violate

22         employment and labor laws every day. Current employees are

23         often afraid to assert their rights out of fear of direct or indirect

24         retaliation. However, class actions provide the class members who

25         are not named in the complaint anonymity that allows for the

26         vindication of their rights.

27   31.   There are common questions of law and fact as to the class members that

28         predominate over questions affecting only individual members. The

6

following common questions of law or fact, among others, exists as to the members of the class:

a. Whether Defendants required Plaintiff and the other class members to work over eight (8) hours per day and/or over forty (40) hours per week and failed to pay the legally required overtime compensation to Plaintiff and the other class members;

b. Whether Defendants failed to pay Plaintiff and the other class members for all hours worked;

c. Whether Defendants failed to pay Plaintiff and other class members minimum wage;

d. Whether Defendants failed to pay all wages due to Plaintiff and the other class members within the required time upon their discharge or resignation;

e. Whether Defendants complied with wage reporting as required by the California Labor Code; including, but not limited to, Section 226;

f. Whether Defendants reimbursed all business expenses incurred by Plaintiff and the other class members;

g. Whether Defendants' conduct was willful or reckless; and

h. Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code sections 17200 et seq.;

## FIRST CAUSE OF ACTION
### (Violation of California Labor Code §§ 510, 1194 and 1198)
### (Against HALLIBURTON and DOES 1 through 100)

32. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 31, and each and every part thereof with the same force and effect as though fully set forth herein.

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

33. Pursuant to California Labor Code § 1198 and the applicable IWC Wage Order, it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

34. Pursuant to California Labor Code § 1198, the maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful.

35. Pursuant to the applicable IWC Wage Order, Defendants are and were required to pay Plaintiff and the other class members at the rate of time-and-one-half for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

36. The applicable IWC Wage Order further provides that Defendants are and were required to pay Plaintiff and the other class members overtime compensation at a rate of two times their regular rate of pay for all hours worked in excess of twelve (12) hours in a day.

37. Pursuant to California Labor Code section 510, any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an

8

1    employee.

2    38.    Pursuant to California Labor Code section 510, Plaintiff and the other

3          class members are entitled to overtime compensation at one-and-one-half

4          times the regular hourly rate for hours worked in excess of eight (8) hours

5          in a day or forty (40) hours in a week or for the first eight (8) hours

6          worked on the seventh day of work, and to overtime compensation at

7          twice the regular hourly rate for hours worked in excess of twelve (12)

8          hours in a day or in excess of eight (8) hours in a day on the seventh day

9          of work.

10   39.    During the relevant time period, Plaintiff and the other class members

11          worked in excess of eight (8) hours in a day.

12   40.    During the relevant time period, Plaintiff and the other class members

13          worked in excess of forty (40) hours in a week

14   41.    During the relevant time period, Plaintiff and the other class members

15          were subject to Defendant's control and were not compensated.

16   42.    At all relevant times, California Labor Code sections 1194, 1197, and

17   43.    1197.1 provide that the minimum wage to be paid to employees, and the

18          payment of a lesser wage than the minimum so fixed is unlawful.

19   44.    During the relevant time period, Defendants failed to pay minimum wage

20          to Plaintiff and the other class members as required, pursuant to California

21          Labor Code sections 1194, 1197, and 1197.1.

22   45.    Defendants' failure to pay Plaintiff and the other class members the

23          minimum wage as required violates California Labor Code sections 1194,

24          1197, and 1197.1. Pursuant to those sections Plaintiff and the other class

25          members are entitled to recover the unpaid balance of their minimum

26          wage compensation as well as interest, costs, and attorney's fees, and

27          liquidated damages in an amount equal to the wages unlawfully unpaid

28          and interest thereon.

46. Pursuant to California Labor Code section 1197.1, Plaintiff and the other class members are entitled to recover a penalty of $100.00 for the initial failure to timely pay each employee minimum wages, and $250.00 for each subsequent failure to pay each employee minimum wages.

47. Pursuant to California Labor Code section 1194.2, Plaintiff and the other class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

48. During the relevant time period, Defendants intentionally and willfully failed to pay overtime wages, minimum wages and wages owed to Plaintiff and the other class members.

49. Defendants' failure to pay Plaintiff and the other class members overtime compensation as required by California laws, violates the provisions of California Labor Code sections 510, 1194 and 1198, and is therefore unlawful.

50. Pursuant to California Labor Code section 1194, Plaintiff and the other class members are entitled to recover unpaid overtime compensation as well as interest, costs, and attorneys' fees.

## SECOND CAUSE OF ACTION
### (Violation of California Labor Code §§ 226.7 and 512(a))
### (Against HALLIBURTON and DOES 1 through 100)

51. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 50, and each and every part thereof with the same force and effect as though fully set forth herein.

52. At all times herein mentioned, the Industrial Welfare Commission Order and California Labor Code sections 226.7 and 512(a) were applicable to Plaintiff and the other class members' employment by Defendants.

53. Pursuant to California Labor Code section 226.7, no employer shall require any employee to work during any meal or rest period mandated by

10

an applicable order of the Industrial Welfare Commission.

54. Pursuant to California Labor Code section 512(a), an employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee.

55. Pursuant to California Labor Code section 512(a), an employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

56. As alleged herein, Defendants routinely interrupted and/or failed to permit, authorize and/or provide Plaintiff's and class members' meal breaks. By these actions, Defendants violated California Labor Code sections 226.7(a) and 512(a), and is liable to Plaintiff and the other class members.

57. During the relevant time period, Plaintiff and the other class members who were scheduled to work for a period of time in excess of six (6) hours were required to work for a period of time in excess of six (6) hours, and were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes.

58. During the relevant time period, Plaintiff and the other class members who were scheduled to work in excess of ten (10) hours but not longer than twelve (12) hours, and who did not waive their legally-mandated meal periods by mutual consent were required to work in excess of ten

11

(10) hours without receiving a second uninterrupted meal period of not less than thirty (30) minutes.

59. During the relevant time period, Defendants intentionally and willfully required Plaintiff and the other class members to work during meal periods and failed to pay Plaintiff and the other class members the full meal period premium for work performed during meal periods.

60. Defendants' conduct violates applicable Industrial Welfare Commission Wage Orders, and California Labor Code sections 226.7 and 512(a).

61. Pursuant to California Labor Code section 226.7(b), Plaintiff and the other class members are entitled to recover from Defendants one additional hour of pay at the employee's regular rate of compensation for each work day that the meal is not provided.

### THIRD CAUSE OF ACTION
**(Violation of California Labor Code §§ 226.7)**
**(Against HALLIBURTON and DOES 1 through 100)**

62. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 61, and each and every part thereof with the same force and effect as though fully set forth herein.

63. At all times herein set forth, the applicable IWC Wage Order and California Labor Code section 226.7 were applicable to Plaintiff and the other class members' employment by Defendants.

64. At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.

65. At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work

12

period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3 ½) hours.

66.    During the relevant time period, Defendants required Plaintiff and other class members to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked.

67.    During the relevant time period, Defendants willfully required Plaintiff and the other class members to work during rest periods and failed to pay Plaintiff and the other class members the full rest period premium for work performed during rest periods.

68.    During the relevant time period, Defendants failed to pay Plaintiff and the other class members the full rest period premium due pursuant to California Labor Code section 226.7

69.    Defendants' conduct violates applicable IWC Wage Orders and California Labor Code section 226.7.

70.    Pursuant to the applicable IWC Wage Orders and California Labor Code section 226.7(b), Plaintiff and the other class members are entitled to recover from Defendants one additional hour of pay at the employees' regular hourly rate of compensation for each work day that the rest period was not provided.

**FOURTH CAUSE OF ACTION**
**(Labor Code §§ 201, 202, and 203)**
**(Against HALLIBURTON and DOES 1 through 100)**

71.    Plaintiff incorporate by reference the allegations contained in paragraphs 1 through 70, and each and every part thereof with the same force and

13

1   effect as though fully set forth herein.

2   72.   Pursuant to California Labor Code sections 201 and 202, if an employer

3   discharges an employee, the wages earned and unpaid at the time of

4   discharge are due and payable immediately, and if an employee quits his

5   or her employment, his or her wages shall become due and payable not

6   later than seventy-two (72) hours thereafter, unless the employee has

7   given seventy-two (72) hours notice of his or her intention to quit, in

8   which case the employee is entitled to his or her wages at the time of

9   quitting.

10  73.   During the relevant time period, Defendants intentionally and willfully

11  failed to pay Plaintiff and the other class members their wages, earned and

12  unpaid, within seventy-two (72) hours of Plaintiff and the other class

13  members leaving Defendants' employ.

14  74.   Defendants' failure to pay Plaintiff and the other class members their

15  wages, earned and unpaid, within seventy-two (72) hours of her leaving

16  Defendants' employ, is in violation of California Labor Code sections 201

17  and 202.

18  75.   Pursuant to California Labor Code section 203, if an employer willfully

19  fails to pay, without abatement or reduction, in accordance with Sections

20  201 and 202, any wages of an employee who is discharged or who quits,

21  the wages of the employee shall continue as a penalty from the due date

22  thereof at the same rate until paid or until an action is commenced; but the

23  wages shall not continue for more than thirty (30) days.

24  76.   Plaintiff and the other class members are entitled to recover the statutory

25  penalty for each day they were not paid, at her regular hourly rate of pay,

26  up to thirty (30) days maximum pursuant to California Labor Code section

27  203.

28  ///

14

17

**FIFTH CAUSE OF ACTION**
**(Violation of California Labor Code § 226(a))**
**(Against HALLIBURTON and DOES 1 through 100)**

77.  Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 76, and each and every part thereof with the same force and effect as though fully set forth herein.

78.  Pursuant to California Labor Code section 226(a), every employer shall furnish each of his or her employees an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

79.  Defendants intentionally and willfully failed to provide Plaintiff and the other class members with complete and accurate wage statements.  The deficiencies included one or more of the following: the failure to include the total number of hours worked by Plaintiff and the other class members and the failure to include the hourly rate.

15

80.  As a result of Defendants' violation of California Labor Code section 226(a), Plaintiff and the other class members have suffered injury and damage to their statutorily-protected rights.

81.  More specifically, Plaintiff and the other class members have been injured by Defendants' intentional and willful violation of California Labor Code section 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate and itemized wage statements pursuant to California Labor Code section 226(a).

82.  Plaintiff and the other class members are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars per employee.

## SIXTH CAUSE OF ACTION

### Violation of California Labor Code § 2802

### (Against HALLIBURTON and DOES 1 through 100)

83.  Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 82, and each and every part thereof with the same force and effect as though fully set forth herein.

84.  Pursuant to California Labor Code sections 2800 and 2802, an employer must reimburse its employee for all necessary expenditures incurred by the employee in direct consequence of the discharge of his or her job duties or in direct consequence of his or her job duties or in direct consequence of his or her obedience to the directions of the employer.

85.  Plaintiff and the other class members incurred necessary business-related expenses and costs that were not fully reimbursed by Defendants.

86.  Defendants have intentionally and willfully failed to reimburse Plaintiff and the other class members for necessary business-related expenses and costs.

16

87.    Plaintiff and the other class members are entitled to recover from Defendants their business-related expenses and costs incurred during the course and scope of their employment, plus interest accrued from the date on which the employee incurred the necessary expenditures at the same rate as judgments in civil actions in the State of California.

## SEVENTH CAUSE OF ACTION
### (Violation of California Business & Professions Code §§ 17200 et seq.)
### (Against HALLIBURTON and DOES 1 through 100)

88.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 87, and each and every part thereof with the same force and effect as though fully set forth herein.

89.    Defendants' conduct, as alleged in this complaint, has been, and continues to be, unfair, unlawful and harmful to Plaintiff and the other class members, and Defendants' competitors. Accordingly, Plaintiff and the other class members seek to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

90.    Defendants' activities as alleged herein are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code section 17200 et seq.

91.    A violation of California Business & Professions Code section 17200 et seq. may be predicated on the violation of any state or federal law. As described herein, Defendants violated California Labor Code sections 201, 202, 203, 226(a), 226.7, 510, 512(a), 1198, and 2802.

92.    As a result of the herein described violations of California law, Defendants unlawfully gained an unfair advantage over other businesses.

93.    Plaintiff and the other class members have suffered pecuniary loss by Defendants' unlawful business acts and practices alleged herein.

94.    Pursuant to California Business & Professions Code sections 17200 et seq., Plaintiff and the other class members are entitled to restitution of the

17

wages and other monies wrongfully withheld and retained by Defendants
pursuant to California Labor Code §§ 510, 1194, and 1198.

95.   Pursuant to California Business & Professions Code section 17200 et seq.,
injunctive relief is necessary to prevent Defendants from continuing to
engage in the unfair business practices as alleged herein.  Plaintiff is
informed and believes that Defendants have committed and will continue
to commit the above-described unlawful acts unless restrained or enjoined
by this Court. Unless the relief prayed for below is granted, a multiplicity
of actions will result.  Plaintiff and the other class members have no plain,
speedy, or adequate remedy at law, in that pecuniary compensation alone
would not afford adequate and complete relief.  The above-described acts
will cause great and irreparable damage to Plaintiff and the other class
members unless Defendant is restrained from committing further illegal
acts.

96.   Plaintiff and the other class members are entitled to an award of attorneys'
fees and costs pursuant to California Code of Civil Procedure section
1021.5 and other applicable laws.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all other members of the
public similarly situated, prays for relief and judgment against Defendants, jointly and
severally, in a sum less than five-million dollars ($5,000,000) as follows:

Class Certification

1.   That this action be certified as a class action;

2.   That Plaintiff be appointed as the representative of the class;

3.   That counsel for Plaintiff be appointed as class counsel;

4.   That Defendant immediately provide to class counsel, the names and most
current contact information (residential addresses, telephone numbers,
personal e-mail addresses) of all class members.

18

As to the First Cause of Action

5. For general unpaid wages at overtime wage rates, minimum wage rates and such general and special damages as may be appropriate;

6. For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

7. For the imposition of statutory penalties;

8. For reasonable attorneys' fees and costs of suit incurred herein pursuant to statute; and

9. For such other and further relief as the court may deem just and proper.

As to the Second Cause of Action

10. For general unpaid premium wages and such general and special damages as may be appropriate;

11. For pre-judgment interest on any unpaid premium wages commencing from the date such amounts were due;

12. For the imposition of statutory penalties;

13. For reasonable attorneys' fees and costs of suit incurred herein pursuant to statute; and

14. For such other and further relief as the court may deem just and proper.

As to the Third Cause of Action

15. For general unpaid premium wages and such general and special damages as may be appropriate;

16. For pre-judgment interest on any unpaid premium wages commencing from the date such amounts were due;

17. For the imposition of statutory penalties;

18. For reasonable attorneys' fees and costs of suit incurred herein pursuant to statute; and

19. For such other and further relief as the court may deem just and proper.

### As to the Fourth Cause of Action

20. For actual, consequential and incidental losses and damages, according to proof;

21. For statutory penalties pursuant to California Labor Code section 203 for Plaintiff and all other class members who have left Defendants' employ;

22. For reasonable attorneys' fees and costs of suit incurred herein; and

23. For such other and further relief as the court may deem just and proper.

### As to the Fifth Cause of Action

24. For actual, consequential and incidental losses and damages, according to proof;

25. For statutory penalties pursuant to California Labor Code section 226(e);

26. For injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(g);

27. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 226(e); and

28. For such other and further relief as the court may deem just and proper.

### As to the Sixth Cause of Action

29. For actual, consequential and incidental losses and damages, according to proof;

30. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 2802; and

31. For such other and further relief as the court may deem just and proper.

### As to the Seventh Cause of Action

32. For restitution of unpaid wages and other monies wrongfully withheld and retained by Defendants to Plaintiff and the other class members and prejudgment interest from the day such amount were due and payable;

33. For reasonable attorneys' fees and costs of suit incurred herein that Plaintiff and the other class members are entitled to recover under

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

California Code of Civil Procedure section 1021.5.

34.    For injunctive relief to ensure compliance with this section, pursuant to California Business & Professions Code section 17200 et seq.; and

35.    For such other and further relief as the court may deem just and proper.

### As to the All Causes of Action

36.    For each cause of action, the total amount of damages, penalties, interest, premium pay and pro rata share of attorneys' fees for Plaintiff is less than seventy-five thousand dollars ($75,000) and the total amount of damages, penalties, interest, premium pay and attorneys' fees as a result of this action is less than five-million dollars ($5,000,000).

Dated: June 18, 2013                    L A W Y E R S *for* J U S T I C E, PC


By: _Edwin Aiwazian_
      Edwin Aiwazian

      *Attorneys for* Plaintiffs

21

24

# DEMAND FOR JURY TRIAL

Plaintiff, individually and on behalf of the members of the public similarly situated, hereby demands a trial by a jury.

Dated: June 18, 2013                    L A W Y E R S for J U S T I C E, PC


By: _____
    Edwin Aiwazian
    *Attorneys for* Plaintiffs

# EXHIBIT B

 CT Corporation

**Service of Process Transmittal**
07/05/2013
CT Log Number 523058632

**TO:**    Arvadia Oglesby
Halliburton Company
2107 CityWest Blvd., Building 2
Houston, TX 77042-3051

**RE:**    **Process Served in California**

**FOR:**   Halliburton Energy Services, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Marcos Reyes, individually and on behalf of other members of the general public similarly situated, Pltf. vs. Halliburton Energy Services, Inc., etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Cover Sheet, Complaint, Demand, Notice(s), ADR Information Package(s) |
| **COURT/AGENCY:** | Kern County - Superior Court - Bakersfield, CA<br>Case # S1500CV279665SPC |
| **NATURE OF ACTION:** | Employee Litigation - Class Action - Seeking unpaid wages and other benefits |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 07/05/2013 at 11:48 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service - File written response // 10/2/2013 at 8:30 a.m. - Show Cause Hearing |
| **ATTORNEY(S) / SENDER(S):** | Edwin Aiwazian<br>Lawyers for Justice, PC<br>410 West Arden Avenue, Suite 203<br>Glendale, CA 91203<br>818-265-1020 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/06/2013, Expected Purge Date: 07/16/2013<br>Image SOP<br>Email Notification, Arvadia Oglesby Arvadia.Oglesby@Halliburton.com<br>Email Notification, Rosemary Mercer rosemary.mercer@halliburton.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Nancy Flores<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Page 1 of  1 / LG

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

EXHIBIT "B"  26

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

HALLIBURTON ENERGY SERVICES, INC., an unknown business
entity; and Does 1 through 100, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MARCOS REYES; individually, and on behalf of other members of the
general public similarly situated.

*FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)*

ENDORSED

FILED
SUPERIOR COURT, METROPOLITAN DIVISION
COUNTY OF KERN

JUN 2 0 2013

TERRY McNALLY, CLERK
BY _____ DEPUTY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is: Superior Court of State of California
*(El nombre y dirección de la corte es):*

County of Kern, Metropolitan Division

1415 Truxtun Avenue, Bakersfield, California  93301

**CASE NUMBER:**
*(Número del Caso):*
S-1500-CV 279665

SPC

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Edwin Aiwazian, 410 W. Arden Ave., Ste. 203, Glendale, CA 91203; Telephone No. (818) 265-1020

DATE: JUN 2 0 2013                     TERRY McNALLY Clerk, by _____ RYAN BALDWIN _____ , Deputy
*(Fecha)*                                                 *(Secretario)*                                    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Halliburton Energy Services, Inc., An Unknown business entity.

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)         ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)

   ☒ other *(specify):* Business Organization Form Unknown.

4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

FILED BY FAX

27

ENDORSED
FILED
KERN COUNTY

JUN 1 9 2013

TERRY McNALLY, CLERK
BY_____DEPUTY

1  **L A W Y E R S** *for* **J U S T I C E , PC**
2  Edwin Aiwazian (Cal. SBN 232943)
   410 West Arden Avenue, Suite 203
3  Glendale, California 91203
4  Telephone  (818) 265-1020
   Facsimile  (818) 265-1021
5
6  **L A W  O F F I C E  O F  D O U G L A S  H A N**
   Douglas Han, Esquire (Cal. SBN 232858)
7  410 West Arden Avenue, Suite 206
8  Glendale, California 91203
   Telephone  (818) 230-7502
9  Facsimile  (818) 230-7259

10 *Attorneys for* Plaintiff

11

**CASE MANAGEMENT CONFERENCE:**
Hearing Date: _12/16/13_
Time: _8 0 0 am_
Department: _4_
See CRC Rule 3.720 Et. Seq.

12     **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
13        **FOR THE COUNTY OF KERN**
14
15  MARCOS REYES; individually, and    S-1500-CV   279665   SPC
    on behalf of other members of the
16  general public similarly situated;
                                       **CLASS ACTION**
17         Plaintiffs,
                                       **COMPLAINT FOR DAMAGES**
18      vs.
19                                     (1)  Violation of California Labor Code
20  HALLIBURTON ENERGY                      §§ 510, 1194, and 1198
    SERVICES, INC., an unknown         (2)  Violation of California Labor Code
21  business entity; and Does 1 through      §§ 226.7 and 512(a)
    100, inclusive;                    (3)  Violation of California Labor Code
22                                          § 226.7
         Defendants.                   (4)  Violation of California Labor Code
23                                          §§ 201, 202, and 203
24                                     (5)  Violation of California Labor Code
                                            § 226(a)
25                                     (6)  Violation of California Labor Code
26                                          § 2802
                                       (7)  Violation of California Business &
27                                          Professions Code §§ 17200 et seq.
28
                                       **DEMAND FOR JURY TRIAL**

FILED BY FAX

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL.

28

COMES NOW, Plaintiff Marcos Reyes, individually and on behalf of other members of the general public similarly situated, and alleges as follows:

## JURISDICTION AND VENUE

1. This class action is brought pursuant to California Code of Civil Procedure section 382. The monetary damages and restitution sought by Plaintiff exceed the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial. The total amount in controversy for each class representative, including claims for compensatory damages, premium pay, interest, and pro rata share of attorneys' fees and penalties is less than $75,000. The total amount in controversy as a result of this action including claims for compensatory damages, interest, penalties, premium pay, and attorney's fees is less than $5,000,000.

2. This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, section 10, which grants the Superior Court "original jurisdiction in all causes except those given by statute to other courts." The statutes under which this action is brought do not specify any other basis for jurisdiction.

3. This Court has jurisdiction over all Defendants because, upon information and belief, each party is either a citizen of California, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

4. Venue is proper in this Court because, upon information and belief, Defendants maintain offices, have agents, and/or transact business in the State of California, County of Kern. The majority of the acts and omissions alleged herein relating to Plaintiff took place in California. In

1

1    addition, at all relevant times, Defendants employed Plaintiff in the
2    County of Kern.

### THE PARTIES

3
4    5.    Plaintiff Marcos Reyes ("Plaintiff") is an individual residing in the
5          County of Kern, State of California.
6    6.    Defendant HALLIBURTON ENERGY SERVICES, INC.,
7          ("HALLIBURTON") transacts business throughout the State of
8          California, including the County of Kern.
9    7.    At all relevant times, HALLIBURTON was the "employer" of Plaintiff
10         and the other class members within the meaning of all applicable state
11         laws and statutes.
12   8.    At all times herein relevant, HALLIBURTON and Does 1 through 100,
13         and each of them, were the agents, partners, joint venturers,
14         representatives, servants, employees, successors-in-interest, co-
15         conspirators and assigns, each of the other, and at all times relevant hereto
16         were acting within the course and scope of their authority as such agents,
17         partners, joint venturers, representatives, servants, employees, successors,
18         co-conspirators and assigns, and that all acts or omissions alleged herein
19         were duly committed with the ratification, knowledge, permission,
20         encouragement, authorization and consent of each defendant designated
21         herein.
22   9.    The true names and capacities, whether corporate, associate, individual or
23         otherwise, of defendants Does 1 through 100, inclusive, are unknown to
24         Plaintiff who sues said defendants by such fictitious names.  Plaintiff is
25         informed and believes, and based on that information and belief alleges,
26         that each of the defendants designated as a Doe is legally responsible for
27         the events and happenings referred to in this complaint, and unlawfully
28         caused the injuries and damages to Plaintiff and the other class members

1    alleged in this complaint.  Plaintiff will seek leave of court to amend this

2    Complaint to show the true names and capacities when the same have

3    been ascertained.

4    10.    HALLIBURTON and Does 1 through 100 will hereinafter collectively be

5    referred to as "Defendants."

6    <u>**FACTUAL ALLEGATIONS**</u>

7    11.    Defendants employed Plaintiff as an hourly paid or non-exempt employee

8    from approximately April 2011 to approximately February 2013 in the

9    State of California.

10    12.    Defendants had the authority to hire and terminate Plaintiff and the other

11    class members; to set work rules and conditions governing Plaintiff's and

12    the other class members' employment; and, to supervise their daily

13    employment activities.

14    13.    Defendants directly hired and paid wages and benefits to Plaintiff and the

15    other class members.

16    14.    Plaintiff is informed and believes, and based thereon alleges, that at all

17    times herein relevant, Defendants were advised by skilled lawyers and

18    other professionals, employees, advisors, and consultants highly

19    knowledgeable about California wage law, employment and personnel

20    practices.

21    15.    Plaintiff is informed and believes, and based thereon alleges, that at all

22    times herein relevant, without any justification, Defendants ignored the

23    employment and personnel policy changes proposed by skilled lawyers

24    and other professionals, employees, advisors, and consultants highly

25    knowledgeable about California wage laws, employment and personnel

26    practice.

27    16.    Plaintiff is informed and believes, and based thereon alleges, that

28    Defendants knew or should have known that Plaintiff and the other class

3

1    members were entitled to receive certain wages for all time worked,

2    minimum wage and overtime compensation and that they were not

3    receiving wages for all hours worked, minimum wage and wages for

4    overtime compensation.

5    17.    Plaintiff is informed and believes, and based thereon alleges, that

6    Defendants engaged in a uniform policy and systematic scheme of wage

7    abuse against their insurance agents. This scheme involved, *inter alia*,

8    failing to pay its employees for all time worked, including, failing to pay

9    minimum wage, failing to pay overtime according to California Labor

10    Laws and failing to reimburse its employees for all business expenses.

11    18.    Plaintiff is informed and believes, and based thereon alleges, that

12    Defendants knew or should have known that Plaintiff and the other class

13    members were entitled to receive all wages owed to them upon discharge

14    or resignation.

15    19.    Plaintiff is informed and believes, and based thereon alleges, that

16    Defendants knew or should have known that Plaintiff and the other class

17    members were entitled to receive complete and accurate wage statements

18    in accordance with California law.

19    20.    Plaintiff is informed and believes, and based thereon alleges, that

20    Defendants knew or should have known that they had a duty to

21    compensate Plaintiff and the other class members pursuant to California

22    law, and that Defendants had the financial ability to pay such

23    compensation, but willfully, knowingly, and intentionally failed to do so,

24    and falsely represented to Plaintiff and the other class members that they

25    were properly denied wages, all in order to increase Defendants' profits.

26    21.    At all material times set forth herein, Defendants failed to pay overtime

27    wages to Plaintiff and the other class members.

28    22.    At all material times set forth herein, Defendants failed to pay wages for

4

1    all time worked to Plaintiff and the other class members.

2    23.   At all material times set forth herein, Defendants failed to pay minimum
3    wage to Plaintiff and the other class members.

4    24.   At all material times set forth herein, Defendants failed to provide
5    complete and accurate wage statements to Plaintiff and the other class
6    members.

7    25.   At all material times set forth herein, Defendants failed to pay Plaintiff
8    and the other class members all wages owed to them upon discharge or
9    resignation.

10    26.   At all material times set forth herein, Defendants failed to reimburse
11    Plaintiff and the other class members for all business expenses incurred.

12    **CLASS ACTION ALLEGATIONS**

13    27.   Plaintiff brings this action on his own behalf and on behalf of all other
14    members of the general public similarly situated, and thus, seeks class
15    certification under Code of Civil Procedure § 382.

16    28.   The proposed class is defined as follows:

17    All current and former California-based (currently residing in California
18    with the intent to reside in California indefinitely) hourly paid or non-
19    exempt oil-rig/oil-field on-site employees who worked for any of the
20    Defendants within the State of California at any time during the period of
21    four years preceding the filing of this Complaint to final judgment.

22    29.   Plaintiff reserves the right to establish subclasses as appropriate.

23    30.   The class is ascertainable and there is a well-defined community of
24    interest in the litigation:

25    a.   The class members are so numerous that joinder of all class
26    members is impracticable.  The membership of the entire class is
27    unknown to Plaintiff at this time; however, the class is estimated to
28    be more than (100) individuals and the identity of such membership

1        is readily ascertainable by inspection of Defendants' employment

2        records.

3    b.    Plaintiff's claims are typical of all other class members' as

4        demonstrated herein.  Plaintiff will fairly and adequately protect

5        the interests of the other class members with whom he has a well-

6        defined community of interest.

7    c.    Plaintiff will fairly and adequately protect the interests of each

8        class member, with whom he has a well-defined community of

9        interest and typicality of claims, as demonstrated herein.  Plaintiff

10       has no interest that is antagonistic to the other class members.

11       Plaintiff's attorneys, the proposed class counsel, are versed in the

12       rules governing class action discovery, certification, and

13       settlement.  Plaintiff has incurred, and during the pendency of this

14       action will continue to incur, costs and attorneys' fees, that have

15       been, are, and will be necessarily expended for the prosecution of

16       this action for the substantial benefit of each class member.

17    d.    A class action is superior to other available methods for the fair and

18        efficient adjudication of this litigation because individual joinder of

19        all class members is impractical.

20    e.    Certification of this lawsuit as a class action will advance public

21        policy objectives.  Employers of this great state violate

22        employment and labor laws every day.  Current employees are

23        often afraid to assert their rights out of fear of direct or indirect

24        retaliation.  However, class actions provide the class members who

25        are not named in the complaint anonymity that allows for the

26        vindication of their rights.

27  31.    There are common questions of law and fact as to the class members that

28       predominate over questions affecting only individual members.  The

6

following common questions of law or fact, among others, exists as to the members of the class:

a.   Whether Defendants required Plaintiff and the other class members to work over eight (8) hours per day and/or over forty (40) hours per week and failed to pay the legally required overtime compensation to Plaintiff and the other class members;

b.   Whether Defendants failed to pay Plaintiff and the other class members for all hours worked;

c.   Whether Defendants failed to pay Plaintiff and other class members minimum wage;

d.   Whether Defendants failed to pay all wages due to Plaintiff and the other class members within the required time upon their discharge or resignation;

e.   Whether Defendants complied with wage reporting as required by the California Labor Code; including, but not limited to, Section 226;

f.   Whether Defendants reimbursed all business expenses incurred by Plaintiff and the other class members;

g.   Whether Defendants' conduct was willful or reckless; and

h.   Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code sections 17200 et seq.;

**FIRST CAUSE OF ACTION**
**(Violation of California Labor Code §§ 510, 1194 and 1198)**
**(Against HALLIBURTON and DOES 1 through 100)**

32.   Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 31, and each and every part thereof with the same force and effect as though fully set forth herein.

7

33.   Pursuant to California Labor Code § 1198 and the applicable IWC Wage Order, it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

34.   Pursuant to California Labor Code § 1198, the maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful.

35.   Pursuant to the applicable IWC Wage Order, Defendants are and were required to pay Plaintiff and the other class members at the rate of time-and-one-half for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

36.   The applicable IWC Wage Order further provides that Defendants are and were required to pay Plaintiff and the other class members overtime compensation at a rate of two times their regular rate of pay for all hours worked in excess of twelve (12) hours in a day.

37.   Pursuant to California Labor Code section 510, any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1    employee.

2    38.   Pursuant to California Labor Code section 510, Plaintiff and the other

3    class members are entitled to overtime compensation at one-and-one-half

4    times the regular hourly rate for hours worked in excess of eight (8) hours

5    in a day or forty (40) hours in a week or for the first eight (8) hours

6    worked on the seventh day of work, and to overtime compensation at

7    twice the regular hourly rate for hours worked in excess of twelve (12)

8    hours in a day or in excess of eight (8) hours in a day on the seventh day

9    of work.

10    39.   During the relevant time period, Plaintiff and the other class members

11    worked in excess of eight (8) hours in a day.

12    40.   During the relevant time period, Plaintiff and the other class members

13    worked in excess of forty (40) hours in a week

14    41.   During the relevant time period, Plaintiff and the other class members

15    were subject to Defendant's control and were not compensated.

16    42.   At all relevant times, California Labor Code sections 1194, 1197, and

17    43.   1197.1 provide that the minimum wage to be paid to employees, and the

18    payment of a lesser wage than the minimum so fixed is unlawful.

19    44.   During the relevant time period, Defendants failed to pay minimum wage

20    to Plaintiff and the other class members as required, pursuant to California

21    Labor Code sections 1194, 1197, and 1197.1.

22    45.   Defendants' failure to pay Plaintiff and the other class members the

23    minimum wage as required violates California Labor Code sections 1194,

24    1197, and 1197.1.  Pursuant to those sections Plaintiff and the other class

25    members are entitled to recover the unpaid balance of their minimum

26    wage compensation as well as interest, costs, and attorney's fees, and

27    liquidated damages in an amount equal to the wages unlawfully unpaid

28    and interest thereon.

9

46. Pursuant to California Labor Code section 1197.1, Plaintiff and the other class members are entitled to recover a penalty of $100.00 for the initial failure to timely pay each employee minimum wages, and $250.00 for each subsequent failure to pay each employee minimum wages.

47. Pursuant to California Labor Code section 1194.2, Plaintiff and the other class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

48. During the relevant time period, Defendants intentionally and willfully failed to pay overtime wages, minimum wages and wages owed to Plaintiff and the other class members.

49. Defendants' failure to pay Plaintiff and the other class members overtime compensation as required by California laws, violates the provisions of California Labor Code sections 510, 1194 and 1198, and is therefore unlawful.

50. Pursuant to California Labor Code section 1194, Plaintiff and the other class members are entitled to recover unpaid overtime compensation as well as interest, costs, and attorneys' fees.

## SECOND CAUSE OF ACTION
### (Violation of California Labor Code §§ 226.7 and 512(a))
### (Against HALLIBURTON and DOES 1 through 100)

51. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 50, and each and every part thereof with the same force and effect as though fully set forth herein.

52. At all times herein mentioned, the Industrial Welfare Commission Order and California Labor Code sections 226.7 and 512(a) were applicable to Plaintiff and the other class members' employment by Defendants.

53. Pursuant to California Labor Code section 226.7, no employer shall require any employee to work during any meal or rest period mandated by

10

an applicable order of the Industrial Welfare Commission.

54. Pursuant to California Labor Code section 512(a), an employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee.

55. Pursuant to California Labor Code section 512(a), an employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

56. As alleged herein, Defendants routinely interrupted and/or failed to permit, authorize and/or provide Plaintiff's and class members' meal breaks. By these actions, Defendants violated California Labor Code sections 226.7(a) and 512(a), and is liable to Plaintiff and the other class members.

57. During the relevant time period, Plaintiff and the other class members who were scheduled to work for a period of time in excess of six (6) hours were required to work for a period of time in excess of six (6) hours, and were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes.

58. During the relevant time period, Plaintiff and the other class members who were scheduled to work in excess of ten (10) hours but not longer than twelve (12) hours, and who did not waive their legally-mandated meal periods by mutual consent were required to work in excess of ten

11

1    (10) hours without receiving a second uninterrupted meal period of not

2    less than thirty (30) minutes.

3    59.    During the relevant time period, Defendants intentionally and willfully

4    required Plaintiff and the other class members to work during meal

5    periods and failed to pay Plaintiff and the other class members the full

6    meal period premium for work performed during meal periods.

7    60.    Defendants' conduct violates applicable Industrial Welfare Commission

8    Wage Orders, and California Labor Code sections 226.7 and 512(a).

9    61.    Pursuant to California Labor Code section 226.7(b), Plaintiff and the other

10    class members are entitled to recover from Defendants one additional hour

11    of pay at the employee's regular rate of compensation for each work day

12    that the meal is not provided.

13

14

**THIRD CAUSE OF ACTION**
15    **(Violation of California Labor Code §§ 226.7)**
    **(Against HALLIBURTON and DOES 1 through 100)**
16

17    62.    Plaintiff incorporates by reference the allegations contained in paragraphs

18    1 through 61, and each and every part thereof with the same force and

19    effect as though fully set forth herein.

20    63.    At all times herein set forth, the applicable IWC Wage Order and

21    California Labor Code section 226.7 were applicable to Plaintiff and the

22    other class members' employment by Defendants.

23    64.    At all relevant times, California Labor Code section 226.7 provides that

24    no employer shall require an employee to work during any rest period

25    mandated by an applicable order of the California IWC.

26    65.    At all relevant times, the applicable IWC Wage Order provides that

27    "[e]very employer shall authorize and permit all employees to take rest

28    periods, which insofar as practicable shall be in the middle of each work

12

period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3 ½ ) hours.

66.   During the relevant time period, Defendants required Plaintiff and other class members to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked.

67.   During the relevant time period, Defendants willfully required Plaintiff and the other class members to work during rest periods and failed to pay Plaintiff and the other class members the full rest period premium for work performed during rest periods.

68.   During the relevant time period, Defendants failed to pay Plaintiff and the other class members the full rest period premium due pursuant to California Labor Code section 226.7

69.   Defendants' conduct violates applicable IWC Wage Orders and California Labor Code section 226.7.

70.   Pursuant to the applicable IWC Wage Orders and California Labor Code section 226.7(b), Plaintiff and the other class members are entitled to recover from Defendants one additional hour of pay at the employees' regular hourly rate of compensation for each work day that the rest period was not provided.

**FOURTH CAUSE OF ACTION**
**(Labor Code §§ 201, 202, and 203)**
**(Against HALLIBURTON and DOES 1 through 100)**

71.   Plaintiff incorporate by reference the allegations contained in paragraphs 1 through 70, and each and every part thereof with the same force and

1    effect as though fully set forth herein.

2    72.    Pursuant to California Labor Code sections 201 and 202, if an employer

3    discharges an employee, the wages earned and unpaid at the time of

4    discharge are due and payable immediately, and if an employee quits his

5    or her employment, his or her wages shall become due and payable not

6    later than seventy-two (72) hours thereafter, unless the employee has

7    given seventy-two (72) hours notice of his or her intention to quit, in

8    which case the employee is entitled to his or her wages at the time of

9    quitting.

10    73.    During the relevant time period, Defendants intentionally and willfully

11    failed to pay Plaintiff and the other class members their wages, earned and

12    unpaid, within seventy-two (72) hours of Plaintiff and the other class

13    members leaving Defendants' employ.

14    74.    Defendants' failure to pay Plaintiff and the other class members their

15    wages, earned and unpaid, within seventy-two (72) hours of her leaving

16    Defendants' employ, is in violation of California Labor Code sections 201

17    and 202.

18    75.    Pursuant to California Labor Code section 203, if an employer willfully

19    fails to pay, without abatement or reduction, in accordance with Sections

20    201 and 202, any wages of an employee who is discharged or who quits,

21    the wages of the employee shall continue as a penalty from the due date

22    thereof at the same rate until paid or until an action is commenced; but the

23    wages shall not continue for more than thirty (30) days.

24    76.    Plaintiff and the other class members are entitled to recover the statutory

25    penalty for each day they were not paid, at her regular hourly rate of pay,

26    up to thirty (30) days maximum pursuant to California Labor Code section

27    203.

28    ///

14

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

### FIFTH CAUSE OF ACTION
#### (Violation of California Labor Code § 226(a))
#### (Against HALLIBURTON and DOES 1 through 100)

77. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 76, and each and every part thereof with the same force and effect as though fully set forth herein.

78. Pursuant to California Labor Code section 226(a), every employer shall furnish each of his or her employees an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

79. Defendants intentionally and willfully failed to provide Plaintiff and the other class members with complete and accurate wage statements. The deficiencies included one or more of the following: the failure to include the total number of hours worked by Plaintiff and the other class members and the failure to include the hourly rate.

80.   As a result of Defendants' violation of California Labor Code section 226(a), Plaintiff and the other class members have suffered injury and damage to their statutorily-protected rights.

81.   More specifically, Plaintiff and the other class members have been injured by Defendants' intentional and willful violation of California Labor Code section 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate and itemized wage statements pursuant to California Labor Code section 226(a).

82.   Plaintiff and the other class members are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars per employee.

## SIXTH CAUSE OF ACTION

### Violation of California Labor Code § 2802

### (Against HALLIBURTON and DOES 1 through 100)

83.   Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 82, and each and every part thereof with the same force and effect as though fully set forth herein.

84.   Pursuant to California Labor Code sections 2800 and 2802, an employer must reimburse its employee for all necessary expenditures incurred by the employee in direct consequence of the discharge of his or her job duties or in direct consequence of his or her job duties or in direct consequence of his or her obedience to the directions of the employer.

85.   Plaintiff and the other class members incurred necessary business-related expenses and costs that were not fully reimbursed by Defendants.

86.   Defendants have intentionally and willfully failed to reimburse Plaintiff and the other class members for necessary business-related expenses and costs.

16

44

87.    Plaintiff and the other class members are entitled to recover from
Defendants their business-related expenses and costs incurred during the
course and scope of their employment, plus interest accrued from the date
on which the employee incurred the necessary expenditures at the same
rate as judgments in civil actions in the State of California.

## SEVENTH CAUSE OF ACTION
### (Violation of California Business & Professions Code §§ 17200 et seq.)
### (Against HALLIBURTON and DOES 1 through 100)

88.    Plaintiff incorporates by reference the allegations contained in paragraphs
1 through 87, and each and every part thereof with the same force and
effect as though fully set forth herein.

89.    Defendants' conduct, as alleged in this complaint, has been, and continues
to be, unfair, unlawful and harmful to Plaintiff and the other class
members, and Defendants' competitors.  Accordingly, Plaintiff and the
other class members seek to enforce important rights affecting the public
interest within the meaning of Code of Civil Procedure section 1021.5.

90.    Defendants' activities as alleged herein are violations of California law,
and constitute unlawful business acts and practices in violation of
California Business & Professions Code section 17200 et seq.

91.    A violation of California Business & Professions Code section 17200 et
seq. may be predicated on the violation of any state or federal law.  As
described herein, Defendants violated California Labor Code sections 201,
202, 203, 226(a), 226.7, 510, 512(a), 1198, and 2802.

92.    As a result of the herein described violations of California law,
Defendants unlawfully gained an unfair advantage over other businesses.

93.    Plaintiff and the other class members have suffered pecuniary loss by
Defendants' unlawful business acts and practices alleged herein.

94.    Pursuant to California Business & Professions Code sections 17200 et
seq., Plaintiff and the other class members are entitled to restitution of the

1    wages and other monies wrongfully withheld and retained by Defendants

2    pursuant to California Labor Code §§ 510, 1194, and 1198.

3    95.    Pursuant to California Business & Professions Code section 17200 et seq.,

4    injunctive relief is necessary to prevent Defendants from continuing to

5    engage in the unfair business practices as alleged herein.  Plaintiff is

6    informed and believes that Defendants have committed and will continue

7    to commit the above-described unlawful acts unless restrained or enjoined

8    by this Court. Unless the relief prayed for below is granted, a multiplicity

9    of actions will result.  Plaintiff and the other class members have no plain,

10    speedy, or adequate remedy at law, in that pecuniary compensation alone

11    would not afford adequate and complete relief.  The above-described acts

12    will cause great and irreparable damage to Plaintiff and the other class

13    members unless Defendant is restrained from committing further illegal

14    acts.

15    96.    Plaintiff and the other class members are entitled to an award of attorneys'

16    fees and costs pursuant to California Code of Civil Procedure section

17    1021.5 and other applicable laws.

18                            **PRAYER FOR RELIEF**

19        WHEREFORE, Plaintiff, individually and on behalf of all other members of the

20    public similarly situated, prays for relief and judgment against Defendants, jointly and

21    severally, in a sum less than five-million dollars ($5,000,000) as follows:

22                              Class Certification

23    1.    That this action be certified as a class action;

24    2.    That Plaintiff be appointed as the representative of the class;

25    3.    That counsel for Plaintiff be appointed as class counsel;

26    4.    That Defendant immediately provide to class counsel, the names and most

27    current contact information (residential addresses, telephone numbers,

28    personal e-mail addresses) of all class members.

---

18

As to the First Cause of Action

5.  For general unpaid wages at overtime wage rates, minimum wage rates and such general and special damages as may be appropriate;

6.  For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

7.  For the imposition of statutory penalties;

8.  For reasonable attorneys' fees and costs of suit incurred herein pursuant to statute; and

9.  For such other and further relief as the court may deem just and proper.

As to the Second Cause of Action

10. For general unpaid premium wages and such general and special damages as may be appropriate;

11. For pre-judgment interest on any unpaid premium wages commencing from the date such amounts were due;

12. For the imposition of statutory penalties;

13. For reasonable attorneys' fees and costs of suit incurred herein pursuant to statute; and

14. For such other and further relief as the court may deem just and proper.

As to the Third Cause of Action

15. For general unpaid premium wages and such general and special damages as may be appropriate;

16. For pre-judgment interest on any unpaid premium wages commencing from the date such amounts were due;

17. For the imposition of statutory penalties;

18. For reasonable attorneys' fees and costs of suit incurred herein pursuant to statute; and

19. For such other and further relief as the court may deem just and proper.

19

47

### As to the Fourth Cause of Action

20. For actual, consequential and incidental losses and damages, according to proof;

21. For statutory penalties pursuant to California Labor Code section 203 for Plaintiff and all other class members who have left Defendants' employ;

22. For reasonable attorneys' fees and costs of suit incurred herein; and

23. For such other and further relief as the court may deem just and proper.

### As to the Fifth Cause of Action

24. For actual, consequential and incidental losses and damages, according to proof;

25. For statutory penalties pursuant to California Labor Code section 226(e);

26. For injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(g);

27. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 226(e); and

28. For such other and further relief as the court may deem just and proper.

### As to the Sixth Cause of Action

29. For actual, consequential and incidental losses and damages, according to proof;

30. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 2802; and

31. For such other and further relief as the court may deem just and proper.

### As to the Seventh Cause of Action

32. For restitution of unpaid wages and other monies wrongfully withheld and retained by Defendants to Plaintiff and the other class members and prejudgment interest from the day such amount were due and payable;

33. For reasonable attorneys' fees and costs of suit incurred herein that Plaintiff and the other class members are entitled to recover under

20

California Code of Civil Procedure section 1021.5.

34. For injunctive relief to ensure compliance with this section, pursuant to California Business & Professions Code section 17200 et seq.; and

35. For such other and further relief as the court may deem just and proper.

### As to the All Causes of Action

36. For each cause of action, the total amount of damages, penalties, interest, premium pay and pro rata share of attorneys' fees for Plaintiff is less than seventy-five thousand dollars ($75,000) and the total amount of damages, penalties, interest, premium pay and attorneys' fees as a result of this action is less than five-million dollars ($5,000,000).

Dated:  June 18, 2013                     L A W Y E R S *for* J U S T I C E, PC


By: _Edwin Aiwazian_
    Edwin Aiwazian

    *Attorneys for* Plaintiffs

21

49

**DEMAND FOR JURY TRIAL**

Plaintiff, individually and on behalf of the members of the public similarly situated, hereby demands a trial by a jury.

Dated:  June 18, 2013

L A W Y E R S for J U S T I C E, PC

By: _Edwin Aiwazian_

Edwin Aiwazian
*Attorneys for* Plaintiffs

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Edwin Aiwazian (SBN 232943)<br>LAWYERS for JUSTICE, PC<br>410 West Arden Avenue, Suite 203<br>Glendale, California 91203 | **ENDORSED**<br>**FILED**<br>KERN COUNTY<br>JUN 1 9 2013<br>TERRY McNALLY, CLERK<br>BY_____DEPUTY |

TELEPHONE NO: (818) 265-1020    FAX NO: (818) 265-1021
ATTORNEY FOR *(Name):* Plaintiff Marcos Reyes

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 1415 Truxtun Avenue
MAILING ADDRESS:
CITY AND ZIP CODE: Bakersfield 93301
BRANCH NAME: Metropolitan Branch

CASE NAME:
Singh vs. Charles Dunn Real Estate Services, Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: S-1500-CV 279665 |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant<br>*(Cal. Rules of Court, rule 3.402)* | | JUDGE:<br>DEPT: |

SPC

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

   **Auto Tort**
   [ ] Auto (22)
   [ ] Uninsured motorist (46)

   **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
   [ ] Asbestos (04)
   [ ] Product liability (24)
   [ ] Medical malpractice (45)
   [ ] Other PI/PD/WD (23)

   **Non-PI/PD/WD (Other) Tort**
   [ ] Business tort/unfair business practice (07)
   [ ] Civil rights (08)
   [ ] Defamation (13)
   [ ] Fraud (16)
   [ ] Intellectual property (19)
   [ ] Professional negligence (25)
   [ ] Other non-PI/PD/WD tort (35)

   **Employment**
   [ ] Wrongful termination (36)
   [✓] Other employment (15)

   **Contract**
   [ ] Breach of contract/warranty (06)
   [ ] Rule 3.740 collections (09)
   [ ] Other collections (09)
   [ ] Insurance coverage (18)
   [ ] Other contract (37)

   **Real Property**
   [ ] Eminent domain/Inverse condemnation (14)
   [ ] Wrongful eviction (33)
   [ ] Other real property (26)

   **Unlawful Detainer**
   [ ] Commercial (31)
   [ ] Residential (32)
   [ ] Drugs (38)

   **Judicial Review**
   [ ] Asset forfeiture (05)
   [ ] Petition re: arbitration award (11)
   [ ] Writ of mandate (02)
   [ ] Other judicial review (39)

   **Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
   [ ] Antitrust/Trade regulation (03)
   [ ] Construction defect (10)
   [ ] Mass tort (40)
   [ ] Securities litigation (28)
   [ ] Environmental/Toxic tort (30)
   [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

   **Enforcement of Judgment**
   [ ] Enforcement of judgment (20)

   **Miscellaneous Civil Complaint**
   [ ] RICO (27)
   [ ] Other complaint *(not specified above)* (42)

   **Miscellaneous Civil Petition**
   [ ] Partnership and corporate governance (21)
   [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary    b.[✓] nonmonetary; declaratory or injunctive relief    c.[✓] punitive

4. Number of causes of action *(specify):* 7

5. This case [✓] is [ ] is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 18, 2013
Edwin Aiwazian
_____ (TYPE OR PRINT NAME)    _____ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courtinfo.ca.gov*



# SUPERIOR COURT OF CALIFORNIA
## METROPOLITAN DIVISION
### 1415 TRUXTUN AVENUE, BAKERSFIELD, CA  93301

**FOR COURT USE ONLY**

ENDORSED

SUPERIOR COURT, METROPOLITAN DIVISION
COUNTY OF KERN

JUN 2 0 2013

TERRY McNALLY, CLERK
BY_____ DEPUTY

**PLAINTIFF**
MARCOS REYES
MARCO REYES ON BEHALF OF OTHER MEMBERS OF
THE GENERAL PUBLIC SIMILARLY SITUATED

**DEFENDANT**
HALLIBURTON ENERGY SERVICES, INC.

**CASE NUMBER: S-1500-CV-279665, SPC**

NOTICE OF ORDER TO SHOW CAUSE
RE: CALIFORNIA RULES OF COURT, RULE 3.110

## TO PLAINTIFF AND PLAINTIFF'S COUNSEL:

<u>YOU ARE ORDERED TO APPEAR</u> ON <u>Oct 02, 2013</u> AT <u>8:30 AM</u> IN <u>DEPARTMENT  4</u> OF THE ABOVE ENTITLED COURT TO GIVE ANY LEGAL REASON WHY SANCTIONS SHALL NOT BE IMPOSED FOR FAILURE TO SERVE THE COMPLAINT ON ALL NAMED DEFENDANTS AND FILE PROOF(S) OF SERVICE WITH THE COURT WITHIN SIXTY (60) DAYS AFTER THE FILING OF THE COMPLAINT PURSUANT TO CALIFORNIA RULES OF COURT, RULE 3.110.  ALL APPEARANCES ARE MANDATORY, UNLESS FIVE (5) COURT DAYS PRIOR TO HEARING DATE THE COURT HAS RECEIVED THE REQUIRED PROOF(S) OF SERVICE, THEN NO APPEARANCE IS NECESSARY.

**TERRY McNALLY**
Clerk of the Superior Court

DATE: Thursday, June 20, 2013

By _____ **RYAN BALDWIN** _____ Deputy

RYAN A BALDWIN

SUPERIOR COURT OF CALIFORNIA, COUNTY OF KERN
ALTERNATIVE DISPUTE RESOLUTION (ADR)
INFORMATION PACKAGE



Most civil disputes are resolved without filing a lawsuit and most civil lawsuits are resolved without the necessity of a trial. The courts, community organizations and private providers offer a variety of ADR processes to help people resolve disputes without a trial. Kern County Superior Court encourages, and under certain circumstances may require, parties to try ADR before trial. Courts have also found ADR to be beneficial when used early in the case process.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. You may find more information about these ADR processes at http://www.courts.ca.gov/programs/adr.htm.

## Possible Advantages and Disadvantages

ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used as well as the particular type of case involved:

     **Possible Advantages:** Saves time; saves money; gives the parties more control over the dispute resolution process and outcome; helps to preserve and/or improve party relationships.

     **Possible Disadvantages:** May add additional cost to the litigation if ADR does not resolve the dispute; procedures such as discovery, jury trial, appeals, and other protections may be limited or unavailable.

## Most Common Types of ADR

**Mediation:** A neutral person, or "mediator," helps the parties communicate in an effective and constructive manner so the parties can try to resolve their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is generally confidential, and may be particularly useful where on going relationships are involved, such as between family members, neighbors, employers/employees or business partners.

**Settlement Conferences:** A judge or another neutral person assigned by the court helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement conference neutral does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different views about the likely outcome of a trial in their case.

**Neutral Evaluation:** The parties briefly and informally present their facts and arguments to a neutral person who is often an expert in the subject matter of the dispute. The neutral does not decide the outcome of the dispute, but helps the parties to do so by providing them with a non-binding opinion about the strengths, weaknesses and likely outcome of their case. Depending on the neutral evaluation process and the parties' consent, the neutral may then help the parties try to negotiate a settlement. Neutral evaluation may be appropriate if the parties desire a neutral's opinion about how the case might be resolved at trial, if the primary dispute is about the amount of damages, or if there are technical issues the parties would like a neutral expert to resolve.

**Arbitration:** The parties present evidence and arguments to a neutral person, or "arbitrator," who then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are generally more

relaxed. If the parties agree to *binding* arbitration, they waive their right to a jury trial and agree to accept the arbitrator's decision. With *nonbinding* arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time and expense of a trial, or desire an expert in the subject matter of their dispute to make a decision.

<u>Selecting an ADR Program and Neutral</u>

Selecting an ADR program and neutral are important decisions. Be sure to learn about the rules of any program and the qualifications and required fees of any neutral you are considering. Some programs and neutrals do not charge the parties for their ADR services, but others may charge the parties administrative fees and/or fees for the neutral's time. Information about the various neutrals listed on the court's ADR Panel is available at www.kern.courts.ca.gov/home/civil/civilmediatorpanel. To find a private ADR program or neutral, you may search the internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement or arbitration services.

<u>Local ADR Programs</u>

Kern County Superior Court has collaborated with the Kern County Bar Association, the Better Business Bureau and community representatives to establish alternative dispute resolution (ADR) programs which comply with legal requirements and provide a high quality of service to the public. The court currently sponsors programs such as arbitration and mediation in general civil cases (limited and unlimited) and may refer cases under $50,000 to mediation under local rules. Kern County Superior Court has also contracted with the Better Business Bureau (BBB) under the Dispute Resolution Programs Act (DRPA) to provide mediation services in small claims, unlawful detainer, civil harassment and probate matters. The services of the BBB are also available to the public whether or not a lawsuit has been filed. Other programs, similar to those existing in other California counties, are being investigated for their feasibility in Kern County. One such program is the Victim Offender Reconciliation Program (VORP) in juvenile court proceedings. More information about BBB Mediation Services is available at www.bbbmediation.org , or call toll free 800-675-8118, ext. 300 or 661-616-5252.

Although complaints about ADR neutrals in court programs are uncommon, Kern County Superior Court provides a complaint procedure. If you have a complaint or a concern about a neutral in any of this court's ADR programs, or simply a question about ADR, please contact the ADR Administrator at ADRAdministrator@kern.courts.ca.gov.

<u>Legal Representation and Advice</u>

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California Courts Web Site at www.courtinfo.ca.gov/selfhelp/lowcost.

For questions, please contact: ADR Administrator at ADRAdministrator@kern.courts.ca.gov or (661) 868-4957.
Additional ADR information can be found at www.kern.courts.ca.gov.

C-ADR-100
(Rev. Jan. 24, 2012    ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKET

| ATTORNEY OR PARTY WITHOUT ATTORNEY (*NAME AND ADDRESS*):   TELEPHONE NO. | FOR COURT USE ONLY |
|---|---|
| ATTORNEY FOR (*NAME*). | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF KERN
STREET ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF:

DEFENDANT:

| ADR STIPULATION AND ORDER FORM | CASE NUMBER: |
|---|---|

Pursuant to California Rule of Court 3.221(a)(4), the parties and their attorneys stipulate that all claims in this action will be submitted to the following alternative dispute resolution (ADR) process:

☐ Court-connected mediation pursuant to Local Rules (no fee or order required when filed within 10 days of Case Management Conference)
☐ Private Mediation
☐ Neutral Evaluation
☐ Binding Arbitration
☐ Referee/Special Master
☐ Settlement Conference with Private Neutral
☐ Non-binding Judicial Arbitration pursuant to CCP1141.10 et seq., and applicable Rules of Court
☐ Discovery will remain open until 30 days before trial
☐ Other _____

It is also stipulated that_____(name of individual neutral, not organization) has consented to and will serve as _____ (neutral fuction/process) and that the session will take place on _____(enter a FIRM date) and that all persons necessary to effect a settlement and having full authority to resolve the dispute will appear at such session.

Date: _____

On behalf of Plaintiffs

_____          _____
(Type or print name)                               (Signature)

On behalf of Defendants

_____          _____
(Type or print name)                               (Signature)

Attach additional signature pages if needed
KC ADR-101 (Mandatory)
Page 1 of 2
(Rev. 2/2012)

# ADR STIPULATION AND ORDER FORM

ORDER:

Case Number: _____

   ☐ The ADR process is to be completed by _____
                                                     (date)

   ☐ The Case Management Conference currently set for _____
                                                           (date)

   20_____, at _____ a.m./p.m. in Department _____
         ☐ is hereby vacated
         ☐ is not hereby vacated

   ☐ Mediation Status Review

   ☐ Case Status Review
   re: _____

   ☐ Final Case Management Conference
   is set for _____, 20_____ at _____ a.m./p.m.
   in Department _____

   ☐ Judicial Arbitration Order Review Hearing will be set by notice upon assignment of the arbitrator.

   It is so ordered.

_____
         Date
                                      _____
                                      Judicial Officer of the Superior Court

# EXHIBIT C

1  David G. Hoiles, Jr. (SBN 185298)
   Lindsay L. Ryan (SBN 258130)
2  JACKSON LEWIS LLP
   725 South Figueroa Street, Suite 2500
3  Los Angeles, California 90017-5408
   Tel:  (213) 689-0404
4  Fax:  (213) 689-0430
   hoilesd@jacksonlewis.com
5  lindsay.ryan@jacksonlewis.com

6  Attorneys for Defendant
   HALLIBURTON ENERGY SERVICES, INC.

7

8                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                          FOR THE COUNTY OF KERN

10

11  MARCOS REYES; individually, and on behalf of )   **Case No. S-1500-CV 279665 SPC**
    other members of the general public similarly )
12  situated;                                      )   *[Assigned for all purposes to Sidney P. Chapin,*
                                                   )   *Dept. 4]*
13                         Plaintiffs,             )
                                                   )   **DEFENDANT HALLIBURTON ENERGY**
14         v.                                      )   **SERVICES, INC.'S ANSWER TO**
                                                   )   **PLAINTIFF MARCOS REYES'**
15  HALLIBURTON ENERGY SERVICES, INC., an )        **UNVERIFIED CLASS ACTION**
    unknown business entity; and DOES 1 through 1- )  **COMPLAINT FOR DAMAGES**
16  100, inclusive;                                )
                                                   )
17                         Defendants.             )   Complaint Filed:    June 19, 2013
                                                   )   Trial Date:         None
18                                                 )
                                                   )
19  _____ )

20         Defendant Halliburton Energy Services, Inc. ("Defendant"), on behalf of itself and for no other

21  person or entity, hereby responds to the unverified Class Action Complaint ("Complaint") filed by

22  Plaintiff Marcos Reyes ("Plaintiff") on behalf of himself and the alleged representative/putative class

23  members, subject to Defendant's right to compel arbitration,[1] and not intending to waive its right to

24  compel arbitration answers and otherwise pleads as follows:

25

26

27  _____
    [1]     Pursuant to the Federal Arbitration Act (the "FAA"), absent Plaintiff's voluntary dismissal of this proceeding and
28  submission of his individual claims to arbitration, Defendant will file, in the near future, an appropriate motion to compel
    arbitration of his individual claims and for dismissal of his class and representative claims.

                                                      1

**GENERAL DENIAL**

Under the provisions of Section 431.30(d) of the Code of Civil Procedure, Defendant generally and specifically denies each and every allegation contained in the Complaint, and each cause of action of said Complaint, and denies that Plaintiff was injured or damaged as alleged, or at all.

**AFFIRMATIVE DEFENSES**

As separate and distinct affirmative defenses to Plaintiff's Complaint and the causes of action alleged therein, and to each of them, Defendant alleges as follows:

**FIRST AFFIRMATIVE DEFENSE**

1.    Plaintiff is contractually obligated to submit all individual claims related to or arising out of his employment, or termination from employment, to final and binding arbitration as provided for under the Halliburton Dispute Resolution Program. The claims raised by Plaintiff in this lawsuit, to the extent they are not otherwise barred, are within the scope of his agreement to arbitrate. Further, Plaintiff has agreed not to pursue any of the claims raised in this lawsuit on a class action, collective action or consolidated basis or in a representative capacity on behalf of other persons who are alleged to be similarly situated. Plaintiff has agreed that such arbitration before an arbitrator appointed under the auspices of the American Arbitration Association or other designated neutral organization will be the exclusive forum for the determination of all claims and arbitrated on an individual basis. Plaintiff's initiation of this lawsuit constitutes a breach of his binding agreement to arbitrate his claims, and such agreement to arbitrate is enforceable under the FAA.

**SECOND AFFIRMATIVE DEFENSE**

2.    Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendant upon which relief may be granted.

**THIRD AFFIRMATIVE DEFENSE**

3.    Plaintiff's claims are barred by the doctrine of waiver, estoppel or laches.

1

### FOURTH AFFIRMATIVE DEFENSE

2       4.    Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, is

3 barred in whole or in part to the extent such claims have been previously compensated, reimbursed,

4 settled, released or discharged for Plaintiff or the alleged putative class members.

5

### FIFTH AFFIRMATIVE DEFENSE

6       5.    Defendant is entitled to a set-off for amounts Plaintiff or the alleged putative class

7 members owe Defendant for receipt of any wages and other benefits to which they were not entitled or

8 did not earn.

9

### SIXTH AFFIRMATIVE DEFENSE

10       6.    Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, is

11 barred under the doctrine of after-acquired evidence to the extent formal discovery may reveal facts

12 which would support this defense.

13

### SEVENTH AFFIRMATIVE DEFENSE

14       7.    Defendant is informed and believes and thereon alleges that any recovery on Plaintiff's

15 Complaint as a whole, and each purported cause of action alleged therein, is barred by California Labor

16 Code Sections 2854 and 2856 in that Plaintiff failed to use ordinary care and diligence in the

17 performance of his duties or failed to comply substantially with the reasonable directions of his

18 employer.

19

### EIGHTH AFFIRMATIVE DEFENSE

20       8.    Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, is

21 not appropriate for class certification because Plaintiff cannot satisfy the requirements of establishing a

22 class action under the applicable statutes and rules.

23

### NINTH AFFIRMATIVE DEFENSE

24       9.    Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, is

25 not appropriate for class certification because Plaintiff is not able to fairly and adequately represent and

26 protect the interests of all members of the alleged putative class.

27

28

DEFENDANT HALLIBURTON ENERGY SERVICES, INC.'S ANSWER TO PLAINTIFF MARCOS REYES'
UNVERIFIED CLASS ACTION COMPLAINT FOR DAMAGES

1

### TENTH AFFIRMATIVE DEFENSE

2

10.    Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, is

3 not appropriate for class certification because the liability issues raised by the Complaint require

4 detailed, fact-specific and individualized inquiry that must be decided employee-by-employee, and

5 common questions of law and fact do not predominate over questions affecting individual putative class

6 members.

7

### ELEVENTH AFFIRMATIVE DEFENSE

8

11.    Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, is

9 not appropriate for class certification because Plaintiff fails to satisfy the prerequisites for class

10 certification and, as such, Plaintiff lacks standing and cannot represent the interests of others as to each

11 of the purported causes of action.

12

### TWELFTH AFFIRMATIVE DEFENSE

13

12.    Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, is

14 not appropriate for class certification because the claims of Plaintiff are not typical of the claims of the

15 alleged putative class, and therefore, Plaintiff is not an adequate representative.

16

### THIRTEENTH AFFIRMATIVE DEFENSE

17

13.    Plaintiff lacks standing to assert the purported causes of action alleged in the Complaint,

18 whether on his own behalf, in a representative capacity, or as an aggrieved employee under the Private

19 Attorneys General Act, Labor Code Section 2698, *et seq.* (the "PAGA").

20

### FOURTEENTH AFFIRMATIVE DEFENSE

21

14.    Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, is

22 barred pursuant to the United States Constitution and the California Constitution because the PAGA is

23 impermissibly vague.

24

### FIFTEENTH AFFIRMATIVE DEFENSE

25

15.    Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, is

26 barred because the PAGA is violative of the principles of substantive due process under the Fourteenth

27 Amendment to the United States Constitution and Article I, Section 7 of the California Constitution.

28

DEFENDANT HALLIBURTON ENERGY SERVICES, INC.'S ANSWER TO PLAINTIFF MARCOS REYES'
UNVERIFIED CLASS ACTION COMPLAINT FOR DAMAGES

60

### SIXTEENTH AFFIRMATIVE DEFENSE

16.    Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, is barred because the PAGA is violative of the separation of powers doctrine because it allows private attorneys to prosecute claims in violation of their ethical duty of neutrality, materially impairing the judiciary's role in regulating attorney conduct.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17.    Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, is barred because the PAGA represents an unconstitutional delegation of the State of California's prosecutorial role to non-elected officials.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18.    Because Plaintiff's Complaint is couched in conclusory terms, Defendant cannot fully anticipate all defenses that may be applicable to this action. Accordingly, Defendant reserves its right to assert additional defenses, if and to the extent that such defenses are applicable, is hereby reserved.

WHEREFORE, Defendant prays for judgment as follows:

1.    That Plaintiff take nothing by his Complaint;

2.    That the Complaint be dismissed in its entirety with prejudice;

3.    That Plaintiff be denied each and every demand and prayer for relief contained in the Complaint;

4.    For cost of suits incurred herein, including reasonable attorneys' fees; and

5.    For such other and further relief as the Court deems just and equitable.

Respectfully submitted,

Dated:    August 2, 2013         JACKSON LEWIS LLP

By: _____

David G. Hoiles, Jr.
Lindsay L. Ryan

Attorneys for Defendant
HALLIBURTON ENERGY SERVICES, INC.

5

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF KERN – SUPERIOR COURTS BUILDING**

**CASE NAME:**    REYES v. HALLIBURTON ENERGY SERVICES, INC.

**CASE NO.:**    S-1500-CV-279665, SPC

I am employed in the County of LOS ANGELES, State of California. I am over the age of 18 and not a party to the within action; my business address is 725 South Figueroa Street, Suite 2500, Los Angeles, California 90017.

On **August 2, 2013**, I served the foregoing document described as **DEFENDANT HALLIBURTON ENERGY SERVICES, INC.'S ANSWER TO PLAINTIFF MARCOS REYES' UNVERIFIED CLASS ACTION COMPLAINT FOR DAMAGES** in this action by transmitting a true copy thereof enclosed in a sealed envelope addressed as follows:

EDWIN AIWAZIAN, ESQ.                    ATTORNEYS FOR PLAINTIFFS
**LAWYERS FOR JUSTICE, PC**
410 WEST ARDEN AVENUE, SUITE 203
GLENDALE, CALIFORNIA 91203
PHONE:    (818) 265-1020
FAX:        (818) 265-1021

DOUGLAS HAN, ESQ.                       ATTORNEYS FOR PLAINTIFFS
**LAW OFFICE OF DOUGLAS HAN**
410 WEST ARDEN AVENUE, SUITE 206
GLENDALE, CALIFORNIA 91203
PHONE:    (818) 230-7502
FAX:        (818) 230-7259

☒    **BY MAIL**

As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒    **STATE:**

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **August 2, 2013**, at Los Angeles, California.

CHRISTOPHER GOMEZ

4824-5309-2116, v. 1

6

DEFENDANT HALLIBURTON ENERGY SERVICES, INC.'S ANSWER TO PLAINTIFF MARCOS REYES' UNVERIFIED CLASS ACTION COMPLAINT FOR DAMAGES

62